WARD v. FIRST NAT. BANK OF GUTHRIE.

No. 27318. June 29, 1937.

396

Jack Page, E. S. Lowther, and Henry S. Johnston, for plaintiff in error.

Bierer & Bierer, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Oklahoma county sustaining a demurrer to amended petition of plaintiff in error, plaintiff below. The parties will be referred to herein as they appeared in the trial court.

The plaintiff, a disabled World War Veteran, recovered a judgment in the United States District Court upon a war risk term insurance policy for the sum of $7,607.25, then due under the policy, and $51.75 per month thereafter until the maturity and full performance of the contract. Upon receipt of the check first above mentioned by the Veterans Bureau at Oklahoma City, Honorable H. B. Gilstrap, Regional Manager, notified the plaintiff's attorney at Guthrie, where plaintiff resided, that the Medical Division recommended the appointment of a guardian before delivery of the check, stating that a national bank was preferred. Said attorney immediately prepared and filed in the county court of Logan county an application for the appointment of the First National Bank of Guthrie, Okla., Trust Department, as guardian for Edward Warren Ward, an incompetent person, and the application was signed on behalf of the bank by its vice president and trust officer. Proper notice was given, and the plaintiff and his wife personally appeared in court at the hearing and made no objection to the proceedings, and the county court made an order appointing the bank guardian as prayed for in the application.

Sometime afterwards, dissatisfaction on the part of the ward arose over the fact that the guardian allowed him out of the trust fund only $15 per week for the support and maintenance of himself and his wife and refused to permit any of the trust funds to be used for the installation of certain modern conveniences in plaintiff's home or for the purchase of an automobile for his use. This disagreement between the guardian and ward led to the filing of an application for restoration to capacity, which the county court rejected, and the plaintiff appealed to the district court. There the cause was tried de novo and judgment was rendered in favor of the plaintiff, restoring him to capacity and ordering the guardianship closed. The guardianship, which had been in effect since November 27, 1931, was closed March 31, 1933.

Thereafter, on June 23, 1933, the plaintiff filed an action in the district court of Logan county against said bank for damages, and said action was kept pending until June 28, 1935, when the plaintiff dismissed same without prejudice to future action. Within one year after the dismissal of the action in Logan county the plaintiff filed this action upon the came cause of action in the district court of Oklahoma county. The plaintiff charges the defendant with malicious intermeddling in his private affairs in the prosecution of the guardianship proceedings on the alleged ground of incompetency, thereby defaming his good name and causing him to lose the confidence of his friends, and compelling him to suffer the constriction and restraint upon his liberty to contract for the ordinary and necessary conveniences and comforts of life. Plaintiff also alleged that by reason of the acts of the defendant in the premises he has sustained permanent impairment of health, has suffered great physical and mental pain and anguish, was exposed to public humiliation, scandal, infamy, and disgrace and has been injured and damaged thereby in the sum of $25,000, and in the additional sum of $800, necessary expenses incident to having the guardianship proceedings set aside.

The demurrer challenges the amended petition upon the ground that it fails to state facts sufficient to constitute any cause of action, and that it attempts to attack collaterally a valid judgment of the county court.

The incompetency proceeding was brought under the Uniform Veterans' Guardianship Act, art. 5, ch. 64, section 12051, O. S. 1931, and, as already mentioned, was brought at the request of the Regional Manager of the Veterans' Bureau, and it appears that the bank was requested to apply for the appointment as guardian by the attorney who conducted the case in the federal court for the plaintiff, which said attorney prepared

all the papers and handled all the incompetency and guardianship proceedings. These facts indicate clearly that the plaintiff was willing to have the adjudication of incompetency made and the guardian appointed in order to comply with the conditions required by the Veterans' Bureau before the check could be delivered.

Actionable malicious wrong is defined in the case of Mangum Electric Co. et al. v. Border, 101 Okla. 64, 222 P. 1002, as follows:

"The intentional doing of that which is calculated in the ordinary course of events to damage, and which does, in fact, damage another, or that other person's property or trade, is actionable, if done without just cause or excuse. Such intentional action when done without just cause or excuse is what the law calls a malicious wrong."

In cases of malicious prosecution of actions, civil or criminal, or of an insanity charge, the rule is practically the same. In such cases malice may be inferred from want of probable cause.

In the case at bar the plaintiff was rated totally and permanently disabled, and it was alleged that he was "shell shocked" and was a "nervous wreck" and had tuberculosis. He had been examined by the Medical Division of the Veterans' Bureau and was found to be the type of patient for whom guardianship is recommended and required. Under all the facts and circumstances appearing in the record, coupled with the fact that the plaintiff and his wife both appeared at the hearing and acquiesced in the appointment until the above-mentioned dissatisfaction arose, we are forced to the conclusion that there was sufficient cause for the institution of such proceedings, and that the defendant is guilty of no actionable wrong by reason thereof. The facts and circumstances herein mentioned appear in the allegations of the amended petition and the exhibits thereto attached, therefore said amended petition fails to state a cause of action.

In view of our holding on this proposition, we deem it unnecessary to discuss the question of collateral attack upon the county court judgment. The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.